

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50169 |
| Plaintiff-Appellee, | D.C. No.<br>8:16-cr-00069-JVS-1 |
| v. | |
| RAWLE GERARD SUITE, AKA R. J. Anthony, AKA Raul Jerard Anthony, AKA Rawle Gerard Girard, AKA Gerard S. Rawle, AKA Jerry Snead, AKA Gerard Suite, AKA Gerard Sweet, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 22, 2020**
Pasadena, California

Before:  RAWLINSON, LEE, and BRESS, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rawle Gerard Suite (Suite) appeals the district court's 1) determination that a sixteen-level upward adjustment was warranted based on a loss amount greater than $1.5 million, 2) denial of a downward adjustment for acceptance of responsibility, and 3) imposition of restitution in the amount of $1,576,189.76. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for clear error, we affirm. *See United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016) (loss amount); *United States v. Green*, 940 F.3d 1038, 1041 (9th Cir. 2019)*, as amended* (acceptance of responsibility); *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014) (restitution).

The sixteen-level upward adjustment based on loss amount was warranted. *See* U.S.S.G. § 2B1.1(b)(1)(I). The district court is only required to make a reasonable estimate of the loss amount "based on available information." *Thomsen*, 830 F.3d at 1071. The district court's loss determination of approximately $1.6 million was reasonably based on the summary of victim losses compiled by an investigator from the Commodity Futures Trading Commission. *See id.*

The denial of a three-level downward adjustment was not clearly erroneous. *See* U.S.S.G. §§ 3E1.1(a), (b). Suite's guilty plea created a presumption of acceptance of responsibility. *See Green*, 940 F.3d at 1042. Nevertheless, Suite's

2

denial at the sentencing hearing of the fraudulent behavior admitted to in his plea agreement and at his plea hearing, including his denial that he defrauded the victims, rebutted this presumption. *See id.* at 1042-43; *see also* U.S.S.G. § 3E1.1 cmt. nn.1(A) & 3.

Imposition of restitution in the amount of $1,576,189.76 was also reasonable and not clearly erroneous. *See Luis*, 765 F.3d at 1065. As discussed, the factual findings supporting the district court's order of restitution were supported by the record.

**AFFIRMED.**